UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

ANDREA J. NUSSINOW,

                              Plaintiff,

    -against-

COUNTY OF COLUMBIA, RONALD PEREZ as
President of the Columbia-Greene Humane Society, Inc.,
and in his individual capacity, LEE DELISLE, as Chief
Investigator for the Columbia-Greene Humane Society, Inc.,
and in his individual capacity, and COLUMBIA-GREENE
HUMANE SOCIETY, INC., doing business as the
Columbia-Greene Humane Society/SPCA,

                              Defendants.

Case No.: 1:19-cv-332

(FJS/CFH)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT COUNTY OF COLUMBIA'S MOTION TO DISMISS

MURPHY BURNS LLP
Attorneys for Defendant County of Columbia
407 Albany Shaker Road
Loudonville, New York 12211
Telephone (518) 690-0096

Of Counsel:

    Thomas K. Murphy, Esq.
    Stephen M. Groudine, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    PLAINTIFF HAS FAILED TO ALLEGE A COGNIZABLE CLAIM
    FOR MUNICIPAL LIABILITY AGAINST THE COUNTY OF
    COLUMBIA UNDER 42 U.S.C. §1983

POINT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    PLAINTIFF'S COMPLAINT FAILS TO STATE A SUPPLEMENTAL
    STATE CLAIM FOR MALICIOUS PROSECUTION AGAINST
    DEFENDANT COLUMBIA COUNTY

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# **TABLE OF AUTHORITIES**

<u>Case</u>                                                                                                              <u>Page</u>

<u>AmBase Corp. v. City Investigation Co. Liquidating Trust</u>,
   326 F.3d 63 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). . . . . . . . . . . . . . . 4, 5

<u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . 3

<u>Baez v. Hennessy</u>, 853 F.2d 73 (2d Cir. 1988), cert. denied 488 U.S. 1014 (1989). . . . . . . . . . . 7

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) . . . . . 3, 4, 5

<u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). . . . . . . . . . . 8

<u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Ellis v. Cohen & Slamowitz, LLP</u>, 701 F.Supp.2d 215; 2010 U.S. Dist. LEXIS 29579
   (N.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Fabrikant v. French</u>, 691 F.3d 193 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Fowles v. Adamec</u>, 432 F.3d 90 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Hicks v. City of Syracuse</u>, 2018 U.S. Dist. LEXIS 203686,
   at *8 (N.D.N.Y. Nov. 30, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). . . . . . . . . . . . . . . . 8

<u>Kent v. Cardone</u>, 404 Fed. Appx. 540 (2d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>LoPorto v. County of Rennselaer</u>, 2018 U.S. Dist. LEXIS 162432 at *14
   (N.D. N.Y. Sept. 24, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

<u>McDonough v. Smith</u>, 2016 U.S. Dist. LEXIS 180207 *27 (N.D.N.Y. Dec. 30, 2016)
   aff'd. on appeal 898 F.3d 259 (2d Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>McKeon v. Daley</u>, 101 F.Supp.2d 79, 87 (N.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658 (1978). . . . . . . . . . . . 4, 5

# TABLE OF AUTHORITIES

Case                                                                                                        Page

Roe v. City of Waterbury, 542 F.3d 31 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Santiago v. City of New York, 2009 U.S. Dist. LEXIS 75372,
    2009 WL 2734667, at *3 (E.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Shmueli v. City of New York, 424 F.3d 231 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8


Statutes, etc.

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 7, 9

New York State Agriculture and Markets Law §353 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

New York State Agriculture and Markets Law §371 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

New York State Agriculture and Markets Law Article 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

New York State Criminal Procedure Law §2.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New York CPL §2.10 (7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New York CPL §150.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## PRELIMINARY STATEMENT

This action was commenced with the filing of the Complaint (Docket No. 1) on March 15, 2019. This Memorandum of Law is submitted in support of defendant Columbia County's (the "moving defendant") Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted as against the moving defendant pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF FACTUAL ALLEGATIONS

At the time of the events described in the Complaint (2017), plaintiff operated a horse farm at her residence located at 84 Nevis Road, Tivoli, New York. (Docket No. 1 at paras. 3 and 12). On July 1, 2017, defendant Lee DeLisle ("DeLisle") as a Chief Investigator for the defendant Columbia-Greene Humane Society, Inc. (the "SPCA"), arrived at plaintiff's farm with a member of the New York State Police ("Trooper") to investigate a complaint about "skinny" horses. (Docket No. 1 at paras. 8 and 29). Plaintiff advised DeLisle the complaint likely concerned horses she had recently rescued. (Id. at para. 29). Plaintiff then signed a document proffered by DeLisle captioned "Voluntary Consent to Search Certain Premises." (Id.). Plaintiff alleges she signed the document under duress and without knowing what the document was. (Id.). After plaintiff signed the consent form, DeLisle and the Trooper searched the premises, and then left. (Id. at para. 32).

On July 1, 2017, after the above search, DeLisle made out a sworn statement as to his findings. (Id. at para. 35). On or about July 3, 2017, a Town Justice for the Town of Clermont in the County of Columbia issued a search warrant for plaintiff's premises relying on the sworn statement of defendant DeLisle. (Id. at paras. 36 and 37).

On July 4, 2017, a Trooper, defendant DeLisle and defendant Ronald Perez, President of

1

the SPCA, and other SPCA staff arrived at plaintiff's property and conducted a search pursuant to the aforementioned warrant. (Id. at paras. 40-45). At the conclusion of the search, plaintiff was placed under arrest by the Trooper, transported to the New York State Police barracks where she was processed for her arrest, and released. (Id. at paras. 46 and 47). On July 8, 2017, plaintiff claims that the Columbia County District Attorney's Office charged plaintiff with ten (10) counts of failure to provide sustenance to animals in violation of New York State Agriculture and Markets Law §353. (Id. at para. 62). In or about December of 2017, the case was presented to a grand jury which returned no true bill on or about December 19, 2017. (Id. at para. 72).

In her Complaint, plaintiff identifies defendants DeLisle and Perez as New York State Peace Officers and states that "pursuant to New York Agriculture and Markets Law §371, New York State peace officers, including 'any agent or officer of any duly incorporated society for the prevention of cruelty to animals,' are empowered, among other things, to arrest and bring before a court persons offending against the provisions of Article 26 of the New York Agriculture and Markets Law." (Id. at paras. 7, 8 and 106-110).

In her Complaint, plaintiff alleges claims against defendants DeLisle, Perez and the SPCA for a violation of her Fourteenth Amendment rights under 42 U.S.C. §1983 to be free from unlawful search and seizure, and also alleges a supplemental state claim against said defendants for negligent infliction of emotional harm. Plaintiff claims that the County of Columbia violated her civil rights under 42 U.S.C. §1983 through the alleged actions of the Columbia County District Attorney, who plaintiff identifies as a "chief policy maker" for the County. Specifically, plaintiff claims that the District Attorney had a policy and/or custom of delegating the

2

investigation of complaints such as that brought against plaintiff to the SPCA, and further delegating to the SPCA the responsibility for determining whether to bring a criminal prosecution in such cases.

For the reasons set forth below, plaintiff's Complaint fails to state a claim upon which relief can be granted as against defendant County of Columbia and it should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **STANDARD OF REVIEW**

"Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." AmBase Corp. v. City Investigation Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted).  Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." Fowles v. Adamec, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at

3

555 (internal quotations marks and citations omitted). Rather, the claim must be "plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (citations omitted). Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Id., but "does not impose a probability requirement. Twombly, 550 U.S. at 556." Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215; 2010 U.S. Dist. LEXIS 29579 (N.D.N.Y. 2010).

## ARGUMENT

## POINT I

### PLAINTIFF HAS FAILED TO ALLEGE A COGNIZABLE CLAIM FOR MUNICIPAL LIABILITY AGAINST THE COUNTY OF COLUMBIA UNDER 42 U.S.C.§1983

A municipality may be subject to direct liability under 42 U.S.C. §1983 in only two circumstances: 1) where the municipal entity establishes and implements an official policy or custom that inflicts a constitutional injury; or 2) where the constitutional injury is caused by the decision of a municipal official who has final policymaking authority in the area in which the challenged action was taken. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694-695 (1978). A municipality may not be held liable under §1983 on a respondeat superior basis. (Id. at 694). See also City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) ("[O]nly those municipal officials who have final policymaking authority may by their actions subject the government to §1983 liability"; "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in

4

that area of the city's business" [internal quotations and citations omitted]); Roe v. City of Waterbury, 542 F.3d 31, 36-37 (2d Cir. 2008).

Here, plaintiff seeks to impose liability on the County of Columbia (the "County") based upon a supposed policy and/or custom alleged to have been implemented by the Columbia County District Attorney (the "DA") of "delegating to the SPCA and its personnel the investigation of complaints, as well as the responsibility for determining whether a criminal prosecution of persons for acts of cruelty to animals should be commenced and continued." See Plaintiff's Complaint, para. 84. The Complaint further alleges that the County, through the DA, should not have initiated or continued the prosecution of plaintiff because the information obtained by the SPCA during its investigation of the plaintiff was deficient or "misleading." See Plaintiff's Complaint, paras. 85-90.

"In order to survive dismissal, Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Hicks v. City of Syracuse, 2018 U.S. Dist. LEXIS 203686, at *8 [N.D.N.Y. Nov. 30, 2018) (internal quotations and citations omitted). "In light of [*Twombly and Iqbal*], it is now clear that such boilerplate claims do not rise to the level plausibility." Santiago v. City of New York, 2009 U.S. Dist. LEXIS 75372, 2009 WL 2734667, at *3 (E.D.N.Y. 2009).

A review of plaintiff's Monell claim against the County reveals that it is based entirely on conclusory statements unsupported by any factual allegations. Without factual support, plaintiff alleges the DA is a "chief policy maker" for the County. Next, she alleges that the DA enacted a policy that resulted in her constitutional rights being violated by SPCA investigators, again, all

5

without any factual support. As is clearly set forth below, and in plaintiff's claims against the co-defendants herein, the SPCA and its investigators, as a matter of law, derive their authority to investigate claims and make arrests from State statute, not from some completely made-up delegation of authority from a County or a DA, as plaintiff implausibly suggests.

New York State Criminal Procedure Law §2.10 designates certain persons as "peace officers." New York CPL §2.10 (7) states that "[o]fficers or agents of a duly incorporated society for the prevention of cruelty to animals" are "peace officers" under New York State Law. Furthermore, the New York State Agriculture and Markets Law §371 authorizes "any agent or officer of any duly incorporated society for the prevention of cruelty to animals" with the authority to "issue an appearance ticket pursuant to Section 150.20 of the criminal procedure law, summon or arrest, and bring before a court or magistrate having jurisdiction, any person offending against any of the provisions of article twenty-six of the Agriculture and Markets Law. Any officer or agent of any of said societies may lawfully interfere to prevent the perpetration of any act of cruelty upon any animal in his presence."

There is no provision in the Agriculture and Markets Law or the Criminal Procedure Law, and no statute or case law cited in the plaintiff's Complaint, which mandates that the SPCA Peace Officers or agents report to, or be subservient to, the County or the District Attorney. In fact, there is no reference at all to County government within the above-referenced State statutes. Moreover, the Second Circuit has explicitly held that the State of New York delegated these specific powers directly to the SPCA and that when the SPCA acts under the Agriculture and Markets Law, it is acting with the authority and power of New York State. See Fabrikant v. French, 691 F.3d 193, 208-209 (2d Cir. 2012).

6

Plaintiff acknowledges the foregoing in her claims against co-defendants SPCA, DeLisle, and Perez. She clearly states that the investigation and subsequent arrest were acts taken pursuant to the authority vested in the SPCA and its Peace Officer employees by the State, not the County. The only factual allegations alleged in the Complaint regarding the County pertain to the prosecutorial acts of the District Attorney, acts which are protected by the doctrine of absolute immunity as is more fully discussed in Point II of this Memorandum. The County is no more responsible for the acts of the SPCA defendants than it is for the act of the New York State Police Officer that plaintiff alleges placed her under arrest.

Plaintiff has failed to allege a claim upon which relief can be granted as against the County of Columbia under 42 U.S.C. §1983 and the same should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## POINT II

### PLAINTIFF'S COMPLAINT FAILS TO STATE A SUPPLEMENTAL STATE CLAIM FOR MALICIOUS PROSECUTION AGAINST DEFENDANT COLUMBIA COUNTY

A liberal reading of the Complaint suggests that plaintiff seeks to hold the County vicariously liable for the acts of the Columbia County District Attorney taken during the prosecution of plaintiff. "When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the state, not the county." Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988), cert. denied 488 U.S. 1014 (1989). It is well settled that claims against prosecutors in the State of New York are barred by the Eleventh Amendment. LoPorto v. County of Rennselaer, 2018 U.S. Dist. LEXIS 162432 at *14 (N.D. N.Y. Sept. 24, 2018). (citations omitted). Therefore, plaintiff's claims regarding the conduct of the District Attorney in

7

his official capacity "are construed as claims against the State and are thus barred by the Eleventh Amendment." Id.

To the extent plaintiff purports to hold the County liable for acts taken by the District Attorney in his individual capacity, the same should be dismissed as such acts are protected by the doctrine of absolute prosecutorial immunity. "Prosecutors are entitled to absolute immunity when they engage in activities 'intimately associated with the judicial phase of the criminal process,' Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), and done 'in the course of [their] role as . . . advocate[s] for the State,' Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)," Kent v. Cardone, 404 Fed. Appx. 540, 542 (2d Cir. 2011). "Moreover, the Second Circuit has held that an absolute immunity defense can often be resolved at the motion to dismiss stage because the defense depends on the nature of the function being performed by the defendant, which 'is often clear from the face of the complaint." McDonough v. Smith, 2016 U.S. Dist. LEXIS 180207 *27 (N.D.N.Y. Dec. 30, 2016) aff'd. on appeal 898 F.3d 259 (2d Cir. 2018) *quoting* Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005).

Here, the factual allegations in the Complaint reference conduct by the District Attorney after plaintiff's arrest and up to and including the presentment of plaintiff's criminal case to the grand jury. All of the conduct attributed to the District Attorney in the Complaint is related to the prosecution of the charges against plaintiff that were pursued by the SPCA, and which formed the basis of plaintiff's arrest by the New York State Police. All of the alleged conduct falls squarely within the prosecutorial function of the District Attorney in pursuing a criminal prosecution and presenting the case to a grand jury. "[I]t is well established in the Second Circuit

that claims of malicious prosecution of a particular charge are tied to the judicial phase, and warrant absolute immunity for a defendant District Attorney." Id. at *17 *quoting* McKeon v. Daley, 101 F.Supp.2d 79, 87 (N.D.N.Y. 2000).

As the plaintiff's claim for malicious prosecution is barred by the Eleventh Amendment and/or the doctrine of absolute immunity, said claim against the County of Columbia must be dismissed for failure to state a claim.

## **CONCLUSION**

For all of the foregoing reasons, the County of Columbia's Motion to Dismiss should be granted and plaintiff's Complaint should be dismissed as against the County for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: May 15, 2019

MURPHY BURNS LLP

By: _____
Thomas K. Murphy
Bar Roll No.: 505396
Attorneys for Defendant County of Columbia
407 Albany Shaker Road
Loudonville, New York 12211
Telephone: 518-690-0096
Email: tmurphy@murphyburnslaw.com

9