UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ANDREA J. NUSSINOW,                                    Docket No.: 1:19-cv-332
                                                       (FJS/CFH)
                              Plaintiff,

                -against-                               **ANSWER**

COUNTY OF COLUMBIA, RONALD PEREZ, as
President of the Columbia-Greene Humane Society, Inc.
and in his individual capacity, LEE DELISLE, as Chief
Investigator for the Columbia-Greene Humane Society,
Inc. and in his individual capacity, and COLUMBIA-
GREENE HUMANE SOCIETY, INC., doing business as
the Columbia-Greene Humane Society/SPCA
                              Defendants.
-----------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that Defendants, RONALD PEREZ, as President of the

Columbia-Greene Humane Society, Inc. and in his individual capacity, LEE DELISLE, as

Chief Investigator for the Columbia-Greene Humane Society, Inc. and in his individual

capacity, and COLUMBIA-GREENE HUMANE SOCIETY, INC., doing business as the

Columbia-Greene Humane Society/SPCA, by their attorneys, **MIRANDA SLONE**

**SKLARIN VERVENIOTIS, LLP**, as and for its Answer to the Plaintiff's Complaint, sets

forth the following, upon information and belief:

## INTRODUCTION

1.      Deny all the allegations contained in the paragraph of the Complaint

designated **"1"** insofar as the allegations pertain or relate to these answering defendants

and respectfully refer all questions of law to the Court and all questions of fact to the trier

of fact.

2.      Deny all the allegations in the paragraph of the Complaint designated **"2"**

1

and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3.      Deny all the allegations in the paragraph of the Complaint designated **"3"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

4.      Deny all the allegations in the paragraph of the Complaint designated **"4"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## FACTS COMMON TO ALL CLAIMS

5.      Deny all the allegations contained in the paragraph of the Complaint designated **"5"** insofar as the allegations pertain or relate to these answering defendants.

6.      Deny all the allegations contained in the paragraph of the Complaint designated **"6"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

7.      Deny all the allegations contained in the paragraph of the Complaint designated **"7"** except admits, upon information and belief, that Ronald Perez: 1) is currently President and CEO of Columbia-Greene Humane Society, Inc.; 2) is a sworn New York State peace officer; 3) is an investigator for the Columbia-Greene Humane Society, Inc.; 4) works out of 125 Humane Society Road, Hudson, New York; 5) resides in New York State and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

8.      Deny all the allegations contained in the paragraph of the Complaint

2

designated **"8"** except admits, upon information and belief, that Lee DeLisle: 1) is Chief Investigator for the Columbia-Greene Humane Society, Inc.; 2) is a sworn New York State peace officer; 3) works out of 125 Humane Society Road, Hudson, New York; 4) resides in New York State and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

9.      Deny all the allegations contained in the paragraph of the Complaint designated **"9"** except admits, upon information and belief, that the Columbia-Greene Humane Society, Inc. is a New York not for profit corporation which operates out of 125 Humane Society Road, Hudson, New York and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

10.     Deny all the allegations contained in the paragraph of the Complaint designated **"10"** insofar as the allegations pertain or relate to these answering defendants.

11.     Deny all the allegations contained in the paragraph of the Complaint designated **"11"** except admits, upon information and belief, that the above represented defendants reside within this judicial district and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## **FACTS COMMON TO ALL CLAIMS**

## **PLAINTIFF'S FARM**

12.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"12"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of

fact.

13.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"13"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

14.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"14"**.

15.     Deny all the allegations contained in the paragraph of the Complaint designated **"15"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

16.     Deny all the allegations contained in the paragraph of the Complaint designated **"16"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## **PLAINTIFF'S PRIOR CONTACT WITH PEREZ, DELISLE AND THE SPCA**

17.     Deny all the allegations contained in the paragraph of the Complaint designated **"17"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

18.     Deny all the allegations contained in the paragraph of the Complaint designated **"18"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier

of fact.

## PLAINTIFF'S PRIOR CONTACT WITH PEREZ, DELISLE AND THE SPCA

19.     Deny all the allegations in the paragraph of the Complaint designated **"19"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

20.     Deny all the allegations contained in the paragraph of the Complaint designated **"20"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

21.     Deny all the allegations in the paragraph of the Complaint designated **"21"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

22.     Deny all the allegations contained in the paragraph of the Complaint designated **"22"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

23.     Deny all the allegations contained in the paragraph of the Complaint designated **"23"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## PLAINTIFF BEGINS TO RESCUE HORSES

24.     Deny any knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations in the paragraph of the Complaint designated **"24"**.

25.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"25"**.

26.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"26"**.

27.     Deny all the allegations in the paragraph of the Complaint designated **"27"** in the form alleged.

## DELISLE APPEARS AT THE FARM

28.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"28"**.

29.     Deny all the allegations contained in the paragraph of the Complaint designated **"29"** except admits, upon information and belief, that Lee DeLisle and New York State Trooper Ciaccia were present at plaintiff's property located at 84 Nevis Road, Town of Clermont, New York on July 1, 2017 when: 1) at least 3 horses were initially observed by Lee DeLisle to be in very thin and poor condition; and 2) following plaintiff's execution of a Voluntary Consent to Search plaintiff's horse farm (Blue Star Farm), several other horses were observed to be in poor condition (as well as an older pony found in an outdoor paddock to be in extremely emaciated condition) and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

30.     Deny all the allegations contained in the paragraph of the Complaint designated **"30"** except admits, upon information and belief, that Lee DeLisle and New York State Trooper Ciaccia were present at plaintiff's property located at 84 Nevis Road, Town of Clermont, New York on July 1, 2017 when: 1) at least 3 horses were initially

observed by Lee DeLisle to be in very thin and poor condition; and 2) following plaintiff's execution of a Voluntary Consent to Search plaintiff's horse farm (Blue Star Farm), several other horses were observed to be in poor condition (as well as an older pony found in an outdoor paddock to be in extremely emaciated condition) and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

31.    Deny all the allegations contained in the paragraph of the Complaint designated **"31"** except admits, upon information and belief, that Lee DeLisle and New York State Trooper Ciaccia were present at plaintiff's property located at 84 Nevis Road, Town of Clermont, New York on July 1, 2017 when: 1) at least 3 horses were initially observed by Lee DeLisle to be in very thin and poor condition; and 2) following plaintiff's execution of a Voluntary Consent to Search plaintiff's horse farm (Blue Star Farm), several other horses were observed to be in poor condition (as well as an older pony found in an outdoor paddock to be in extremely emaciated condition) and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

32.    Deny all the allegations contained in the paragraph of the Complaint designated **"32"** except admits, upon information and belief, that Lee DeLisle and New York State Trooper Ciaccia were present at plaintiff's property located at 84 Nevis Road, Town of Clermont, New York on July 1, 2017 when: 1) at least 3 horses were initially observed by Lee DeLisle to be in very thin and poor condition; and 2) following plaintiff's execution of a Voluntary Consent to Search plaintiff's horse farm (Blue Star Farm), several other horses were observed to be in poor condition (as well as an older pony found in an outdoor paddock to be in extremely emaciated condition) and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

33.     Deny all the allegations contained in the paragraph of the Complaint designated **"33"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

34.     Deny all the allegations in the paragraph of the Complaint designated **"34"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## THE COUNTY OBTAINS A SEARCH WARRANT BASED ON MISLEADING INFORMATION FROM DELISLE

35.     Deny all the allegations contained in the paragraph of the Complaint designated **"35"** except admits, upon information and belief, that Lee DeLisle executed a July 1, 2017 Supporting Deposition and beg leave to refer to said document for the contents thereof and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

36.     Deny all the allegations contained in the paragraph of the Complaint designated **"36"** except admits, upon information and belief, that Trooper Van Hoesen of the New York State Police (Livingston Barracks) submitted a July 3, 2017 search warrant application to the Town of Clermont Justice Court and beg leave to refer to said document for the contents thereof and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

37.     Deny all the allegations contained in the paragraph of the Complaint designated **"37"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

38.     Deny all the allegations contained in the paragraph of the Complaint designated **"38"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

39.     Deny all the allegations contained in the paragraph of the Complaint designated **"39"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer to said July 3, 2017 search warrant signed and issued by Town of Clermont  Town Justice Ronald W. F. Banks for the contents thereof and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

### DESLISLE AND PEREZ APPEAR AT THE FARM TO ARREST PLAINTIFF

40.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"40"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

41.     Deny all the allegations contained in the paragraph of the Complaint designated **"41"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer to said July 3, 2017 search warrant signed and issued by Town of Clermont  Town Justice Ronald W. F. Banks for the contents thereof and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

42.     Deny all the allegations contained in the paragraph of the Complaint designated **"42"** except admits, upon information and belief, that Lee DeLisle and Ronald Perez were present on plaintiff's property at a certain time on July 4, 2017 and respectfully refer all questions of law to the Court and all questions of fact to the trier of

9

fact.

43.     Deny all the allegations contained in the paragraph of the Complaint designated **"43"** insofar as the allegations pertain or relate to these answering defendants.

44.     Deny all the allegations contained in the paragraph of the Complaint designated **"44"** except admits, upon information and belief, that Lee DeLisle and Ronald Perez were present on plaintiff's property at a certain time on July 4, 2017 and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

45.     Deny all the allegations contained in the paragraph of the Complaint designated **"45"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

46.     Deny all the allegations contained in the paragraph of the Complaint designated **"46"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

47.     Deny all the allegations contained in the paragraph of the Complaint designated **"47"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## **PEREZ RETURNS TO FARM**

48.     Deny all the allegations in the paragraph of the Complaint designated

10

"**48**" in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

49.     Deny all the allegations in the paragraph of the Complaint designated "**49**" in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

50.     Deny all the allegations contained in the paragraph of the Complaint designated "**50**" insofar as the allegations pertain or relate to these answering defendants.

## PEREZ AND DELISLE RETURN TO THE FARM

51.     Deny all the allegations contained in the paragraph of the Complaint designated "**51**" except admits, upon information and belief, that Ronald Perez conducted an inspection visit at Blue Star Farm on July 8, 2017 at approximately 3:15 p.m. (along with Lee DeLisle and New York State Trooper Van Hoesen) and found two paddocks with equines without water (e.g. dry water buckets) and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

52.     Deny all the allegations contained in the paragraph of the Complaint designated "**52**" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

53.     Deny all the allegations contained in the paragraph of the Complaint designated "**53**" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

11

54.     Deny all the allegations contained in the paragraph of the Complaint designated **"54"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

55.     Deny all the allegations contained in the paragraph of the Complaint designated **"55"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## FURTHER VISITS TO THE FARM BY PEREZ AND DELISLE

56.     Deny all the allegations in the paragraph of the Complaint designated **"56"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

57.     Deny all the allegations in the paragraph of the Complaint designated **"57"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

58.     Deny all the allegations in the paragraph of the Complaint designated **"58"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

59.     Deny all the allegations contained in the paragraph of the Complaint designated **"59"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

60.     Deny all the allegations in the paragraph of the Complaint designated

"60" respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

61.     Deny all the allegations in the paragraph of the Complaint designated "61" respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## THE CRIMINAL PROSECUTION

62.     Deny all the allegations contained in the paragraph of the Complaint designated "62" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

63.     Deny all the allegations contained in the paragraph of the Complaint designated "63" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

64.     Deny all the allegations contained in the paragraph of the Complaint designated "64" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

65.     Deny all the allegations contained in the paragraph of the Complaint designated "65" insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

66.     Deny all the allegations contained in the paragraph of the Complaint

13

designated **"66"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

67.    Deny all the allegations contained in the paragraph of the Complaint designated **"67"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

68.    Deny all the allegations contained in the paragraph of the Complaint designated **"68"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

69.    Deny all the allegations contained in the paragraph of the Complaint designated **"69"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

70.    Deny all the allegations contained in the paragraph of the Complaint designated **"70"** except admits that, upon information and belief, that Lee Delisle and Ronald Perez testified before the grand jury and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

71.    Deny all the allegations contained in the paragraph of the Complaint designated **"71"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

72.     Deny any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the paragraph of the Complaint designated **"72"** and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## PEREZ ENTERS PLAINTIFF'S FARM SUBSEQUENT TO DISMISSAL OF THE PROSECUTION

73.     Deny all the allegations contained in the paragraph of the Complaint designated **"73"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

74.     Deny all the allegations in the paragraph of the Complaint designated **"74"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

75.     Deny all the allegations contained in the paragraph of the Complaint designated **"75"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## HARM SUFFERED BY PLANTIFF

76.     Deny all the allegations in the paragraph of the Complaint designated **"76"**.

77.     Deny all the allegations in the paragraph of the Complaint designated **"77"**.

15

78.    Deny all the allegations in the paragraph of the Complaint designated **"78"**.

79.    Deny all the allegations in the paragraph of the Complaint designated **"79"**.

80.    Deny all the allegations in the paragraph of the Complaint designated **"80"**.

81.    Deny all the allegations in the paragraph of the Complaint designated **"81"**.

82.    Deny all the allegations contained in the paragraph of the Complaint designated **"82"** except admits that plaintiff served a purported Notice of Claim and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. §1983 Against the County

83.    As and for a response to paragraph **"83"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"82"** of this Answer with the same force and effect as is fully set forth at length herein.

84.    Deny all the allegations contained in the paragraph of the Complaint designated **"84"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

85.    Deny all the allegations contained in the paragraph of the Complaint

16

designated **"85"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

86.     Deny all the allegations contained in the paragraph of the Complaint designated **"86"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

87.     Deny all the allegations contained in the paragraph of the Complaint designated **"87"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

88.     Deny all the allegations contained in the paragraph of the Complaint designated **"88"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

89.     Deny all the allegations contained in the paragraph of the Complaint designated **"89"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

90.     Deny all the allegations contained in the paragraph of the Complaint designated **"90"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

91.     Deny all the allegations contained in the paragraph of the Complaint designated **"91"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

92.     Deny all the allegations contained in the paragraph of the Complaint designated **"92"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

93.     Deny all the allegations contained in the paragraph of the Complaint designated **"93"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

94.     Deny all the allegations contained in the paragraph of the Complaint designated **"94"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

95.     Deny all the allegations in the paragraph of the Complaint designated **"95"**.

96.     Deny all the allegations in the paragraph of the Complaint designated **"96"**.

## SECOND CLAIM FOR RELIEF

### Common-Law Malicious Prosecution Against the County

97.     As and for a response to paragraph **"97"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"96"** of this Answer with the same force and effect as is fully set forth at length herein.

98.     Deny all the allegations contained in the paragraph of the Complaint designated **"98"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

99.     Deny all the allegations contained in the paragraph of the Complaint designated **"99"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

100.     Deny all the allegations contained in the paragraph of the Complaint designated **"100"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

101.     Deny all the allegations contained in the paragraph of the Complaint designated **"101"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

102.     Deny all the allegations contained in the paragraph of the Complaint designated **"102"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

103.    Deny all the allegations contained in the paragraph of the Complaint designated **"103"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

104.    Deny all the allegations in the paragraph of the Complaint designated **"104"**.

### THIRD CLAIM FOR RELIEF

### 42 U.S.C. §1983 Against DeLisle, Perez & the SPCA

105.    As and for a response to paragraph **"105"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"104"** of this Answer with the same force and effect as is fully set forth at length herein.

106.    Deny all the allegations contained in the paragraph of the Complaint designated **"106"** insofar as the allegations pertain or relate to these answering defendants and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

107.    Deny all the allegations contained in the paragraph of the Complaint designated **"107"** except admits, upon information and belief, that Columbia-Greene Humane Society, Inc. is a New York not for profit corporation and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

108.    Deny all the allegations contained in the paragraph of the Complaint designated **"108"** except admits, upon information and belief, that: 1) Lee Delisle is Chief Investigator of the Columbia-Greene Humane Society, Inc.; and 2) Ronald Perez is President and CEO of Columbia-Greene Humane Society, Inc. and respectfully refer

all questions of law to the Court and all questions of fact to the trier of fact.

109.   Deny all the allegations contained in the paragraph of the Complaint designated **"109"** except admits, upon information and belief, that DeLisle and Perez were sworn New York State peace officers during June, July, August and September 2017 and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

110.   Deny all the allegations in the paragraph of the Complaint designated **"110"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

111.   Deny all the allegations in the paragraph of the Complaint designated **"111"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

112.   Deny all the allegations in the paragraph of the Complaint designated **"112"**.

113.   Deny all the allegations in the paragraph of the Complaint designated **"113"**.

114.   Deny all the allegations in the paragraph of the Complaint designated **"114"**.

115.   Deny all the allegations in the paragraph of the Complaint designated **"115"**.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. §1983 Against DeLisle

116.   As and for a response to paragraph **"116"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"115"** of this Answer with the same force and effect as is fully set forth at length herein.

117.   Deny all the allegations in the paragraph of the Complaint designated **"117"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

118.   Deny all the allegations in the paragraph of the Complaint designated **"118"**.

119.   a-d) Deny all the allegations in the paragraph of the Complaint designated **"119 a-d"**.

120.   Deny all the allegations in the paragraph of the Complaint designated **"120"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

121.   Deny all the allegations in the paragraph of the Complaint designated **"121"**.

122.   Deny all the allegations in the paragraph of the Complaint designated **"122"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

123.   Deny all the allegations in the paragraph of the Complaint designated **"123"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

124.   Deny all the allegations in the paragraph of the Complaint designated **"124"**.

125.   Deny all the allegations in the paragraph of the Complaint designated **"125"**.

126.   Deny all the allegations in the paragraph of the Complaint designated **"126"**.

127.   Deny all the allegations in the paragraph of the Complaint designated **"127"**.

## FIFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress Against DeLisle and Perez

128.   As and for a response to paragraph **"128"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"127"** of this Answer with the same force and effect as is fully set forth at length herein.

129.   Deny all the allegations in the paragraph of the Complaint designated **"129"**.

130.   Deny all the allegations in the paragraph of the Complaint designated **"130"**.

131.   Deny all the allegations in the paragraph of the Complaint designated **"131"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

132.   Deny all the allegations in the paragraph of the Complaint designated **"132"**.

133.   Deny all the allegations in the paragraph of the Complaint designated **"133"**.

134.   Deny all the allegations in the paragraph of the Complaint designated
**"134"**.

## SIXTH CLAIM FOR RELIEF

### Respondeat Superior Against the SPCA

135.   As and for a response to paragraph **"135"** of the Complaint, Defendants
repeat and reallege each and every allegation contained in paragraphs **"1"** through
**"134"** of this Answer with the same force and effect as is fully set forth at length herein.

136.   Deny all the allegations in the paragraph of the Complaint designated
**"136"** in the form alleged and respectfully refer all questions of law to the Court and all
questions of fact to the trier of fact.

137.   Deny all the allegations in the paragraph of the Complaint designated
**"137"** in the form alleged and respectfully refer all questions of law to the Court and all
questions of fact to the trier of fact.

138.   Deny all the allegations in the paragraph of the Complaint designated
**"138"** in the form alleged and respectfully refer all questions of law to the Court and all
questions of fact to the trier of fact.

139.   Deny all the allegations in the paragraph of the Complaint designated
**"139"** in the form alleged and respectfully refer all questions of law to the Court and all
questions of fact to the trier of fact.

140.   Deny all the allegations in the paragraph of the Complaint designated
**"140"** in the form alleged and respectfully refer all questions of law to the Court and all
questions of fact to the trier of fact.

141.   Deny all the allegations in the paragraph of the Complaint designated **"141"**.

142.   Deny all the allegations in the paragraph of the Complaint designated **"142"**.

143.   Deny all the allegations in the paragraph of the Complaint designated **"143"**.

## SEVENTH CLAIM FOR RELIEF

144.   As and for a response to paragraph **"144"** of the Complaint, Defendants repeat and reallege each and every allegation contained in paragraphs **"1"** through **"143"** of this Answer with the same force and effect as is fully set forth at length herein.

145.   Deny all the allegations in the paragraph of the Complaint designated **"145"** in the form alleged and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

146.   Deny all the allegations in the paragraph of the Complaint designated **"146"**.

147.   Deny all the allegations in the paragraph of the Complaint designated **"147"**.

148.   Deny all the allegations in the paragraph of the Complaint designated **"148"**.

149.   Deny all the allegations in the paragraph of the Complaint designated **"149"**.

150.   Deny all the allegations in the paragraph of the Complaint designated **"150"**.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

151.   None of these answering defendants placed plaintiff under arrest on July 4, 2017 or thereafter.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

152.   Plaintiff violated applicable provisions of the Agriculture and Markers Law (e.g. Section 35b) by, inter alia, depriving animals of necessary sustenance and/or food and drink.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

153.   Plaintiff was arrested on July 4, 2017 with probable cause (e.g. based upon violations of the Agriculture and Markets Law).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

154.   These answering defendants' actions were duly authorized under applicable provisions (e.g. Sections 373(1) and 373(2) of the Agriculture and Markets Law).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

155.   One or more of plaintiff's causes of action set forth within the Complaint violates the applicable statute of limitations in that it was not commenced timely in accordance with applicable law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

156.   As alleged herein, negligent infliction of emotional distress is not recoverable under New York law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

157.   Punitive damages are not recoverable against municipal defendants and otherwise not recoverable herein.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

158.   The Complaint fails to state a claim upon which relief can be granted against these answering defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

159.   At all times relevant to the acts alleged in the Complaint, the named defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion.  Therefore, they are entitled to governmental immunity from liability.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

160.   There was probable cause for plaintiff's July 4, 2017 arrest and subsequent detention by the New York State Police.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

161.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the answering defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

162.   The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

163.   These defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FORTEENTH AFFIRMATIVE DEFENSE

164.   Plaintiff cannot demonstrate that she was deprived of rights pursuant to a policy, practice, custom, or procedure of the defendants.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

165.   Defendants' policies and practices conform to the requirements of applicable federal and state laws including, but not limited to, 42 U.S.C. §1983, the United States Constitution, the New York State Constitution, New York Civil Rights Law §40-c, and New York State common law, and are administered in a manner which is

consistent with defendants' legal obligations.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

166.   The Complaint is barred because the plaintiff does not allege an actual or justiciable case and controversy.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

167.   The Complaint is barred, in whole or in part, by plaintiff's failure to exhaust all available and applicable administrative and legal remedies.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

168.   The Complaint is barred because the legal and proximate cause of any damages, injury or harm allegedly suffered by plaintiff, or the real party in interest, was the result of plaintiff or the real party in interest's own making and/or the actions of third parties and not by the defendants.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

169.   The Complaint is barred because plaintiff and/or the real party in interest caused any alleged damages to themselves.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

170.   The Complaint is barred because plaintiff and/or the real party in interest failed and refused to mitigate any alleged damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

171.   The Complaint is barred because plaintiff's alleged damages, if any, are speculative as a matter of law.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

172.   Plaintiff waived the claims asserted and are therefore barred from asserting some or all of the claims set forth in the Complaint.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

173.   Plaintiff is legally estopped from asserting some or all of the claims set forth in the Complaint.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

174.   The plaintiff is guilty of laches and is therefore barred from asserting some or all of the claims set forth in the Complaint.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

175.   Plaintiff is guilty of unclean hands and is therefore barred from asserting some or all of the claims in the Complaint.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

176.   The Complaint is barred, and the case should be dismissed, because of the plaintiff's spoliation and destruction of relevant documents including, but not limited to, electronically-stored information.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

177.   The Complaint is barred because these defendants have qualified immunity.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

178.   The Complaint is barred because these defendants have qualified immunity including, for, but not limited to, actions which are administrative in nature.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

179.   Plaintiff has not alleged facts stating a cause of action under 42 U.S.C. §1983 for violation of substantive due process that shocks the conscience or results in the deprivation of life, liberty or property.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

180.   The Complaint is barred because the plaintiff has failed to assert a claim that any of these defendants, officially or individually, performed or approved any acts which would violate clearly established constitutional principles or rights which an ordinary person could have known or determined.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

181.   These defendants have not violated any rights, privileges or immunities secured to the plaintiff by the Constitution or laws of the United States, nor have these defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

182.   Plaintiff's claims are barred by documentary evidence.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

183.   Should these defendants be deemed the prevailing party in this action, or on any claim or defense therein, defendants demand attorneys' fees and expert fees pursuant to RLUIPA, 42 U.S.C. § 1988 and any other applicable provisions of Title 42, 28 U.S.C. § 1927, the Court's inherent powers, the Federal Rules of Civil Procedure and/or any other applicable case law, rule, law or regulation.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

184.   These defendants were not deliberately indifferent to plaintiff's constitutional rights.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

185.   These defendants deny that plaintiff have suffered any pain and suffering, emotional, psychological or physical damage whatsoever as a result of actions taken by the answering defendants, and any pain and suffering, emotional, psychological or physical condition suffered by plaintiff is attributable to causes wholly independent of answering defendants' actions.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

186.   Plaintiff(s) have failed to establish the requisite policy or custom.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

187.   Plaintiff has failed to satisfy all conditions precedent to suit.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

188.   Upon information and belief, any past or future costs or expenses incurred or to be incurred, by plaintiff for medical care, dental care, custodial care, or rehabilitative services, loss of earnings, or other economic loss has been, or will with reasonable certainty be, replaced or indemnified, in whole or in part, from a collateral source, and consequently, if any damages are recoverable against these answering defendants, the amount of such damages shall be diminished by the amount that plaintiff has received, or shall receive, from the collateral source.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

189.   Plaintiff did not timely file a Notice of Claim for the allegations of the Complaint.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

190.   That this action is not ripe as plaintiff has not sustained injury.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

191.   All actions taken against plaintiff was the result of her own culpable conduct.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

192.   Plaintiff has failed to comply with the requirements of General Municipal Law

Section 50-e.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

193.    These defendants deny that plaintiff has suffered any emotional, or

psychological damage whatsoever as a result of actions taken by these answering

defendants.

## AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

194.    That there is no individual liability under the statutes claimed.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

195.    All actions taken with respect to plaintiff were justified based upon

plaintiff's own conduct.

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

196.    These defendants specifically reserve their right to assert further

affirmative defenses as are appropriate as investigation and discovery continue in this

action.

## PRAYER FOR RELIEF

**WHEREFORE**, defendants, **RONALD PEREZ, as President of the Columbia-Greene Humane Society, Inc. and in his individual capacity, LEE DELISLE, as Chief Investigator for the Columbia-Greene Humane, Inc. and in his individual capacity, and COLUMBIA-GREENE HUMANE SOCIETY, INC., doing business as the Columbia-Greene Humane Society/SPCA**, demand judgment: 1) dismissing plaintiff's

34

Complaint in its entirety, together with the attorneys' fees, costs and disbursements of this action; and 2) granting such other and further relief as this Court may deem just and proper.

Dated: Elmsford, New York
      May 20, 2019

                                 Yours, etc.,

                                 **MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

                                 By: _____
                                 Richard S. Sklarin (RSS-1017)
                                 Attorneys for Defendants
                                 **RONALD PEREZ, as President of the Columbia-Greene Humane Society, Inc. and in his individual capacity, LEE DELISLE, as Chief Investigator for the Columbia-Greene Humane Society, Inc. and in his individual capacity, and COLUMBIA-GREENE HUMANE SOCIETY, INC., doing business as the Columbia-Greene Humane Society/SPCA**
                                 570 Taxter Road, Suite 561
                                 Elmsford, New York 10523
                                 (914) 345-6510
                                 Our File No.: 18-103W

TO:    **MANSFIELD, GAUTIER & ROSENTHAL LLP**
         Lisa Rosenthal, Esq.
         Attorneys for Plaintiff
         ANDREA J. NUSSINOW
         55 Old Post Road North
         P.O. Box 3
         Red Hook, New York 12571
         (845) 876-1086