UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDREA J. NUSSINOW,

                Plaintiff,                    **ANSWER**

   -against-                             Case No.: 1:19-cv-332

COUNTY OF COLUMBIA, RONALD PEREZ, as      (FJS/CFH)
President of the Columbia-Greene Humane Society, Inc.
and in his individual capacity, LEE DELISLE, as
Chief Investigator for the Columbia-Greene Humane
Society, Inc., and in his individual capacity, and
COLUMBIA-GREENE HUMANE SOCIETY, INC.,
doing business as the Columbia-Greene Humane
Society/SPCA,

                Defendants.

      Defendant, County of Columbia, by and through its attorneys, Murphy Burns LLP, as and for its Answer to plaintiff's Complaint herein:

    1.    Denies the truth of each and every allegation contained in paragraphs of plaintiff's Complaint designated "1," "2," "4," "6," "10," "15," "16," "19," "20," "21," "22," "23," 24," "25," "26," "27," "29," "30," "31," "32," "33," "35," "36," "37," "38," "39," "40," "61," "62," "63," "64," "65," "66," "67," "68," "72," "75," "76," "77," "78," "79," "80" and "81."

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "3," "5," "7," "8," "9," "11," "12," "13," "14," "17," "18," "28," "34," "41," "42," "43," "44," "45," "46," "47," "48," "49," "50," "51," "52," "53," "54," "55," "56," "57," "58," "59," "60," "69," "70," "71," "74" and "82" of plaintiff's Complaint.

    3.    Admit so much of the paragraph of plaintiff's Complaint designated "73" as it

alleges a paper purporting to be a Notice of Claim was served on defendant, County of Columbia, and that a hearing was held pursuant to General Municipal Law §50-h on July 26, 2018, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

## AS TO THE FIRST CAUSE OF ACTION

4. As to the allegations contained in paragraph of plaintiff's complaint designated "83," defendant repeats, reiterates and re-alleges paragraphs "1" through "3" above as if fully set forth herein.

5. Denies the truth of each and every allegation contained in paragraphs of plaintiff's Complaint designated "84," "85," "86," "87," "88," "89," "90," "91," "92," "93," "94," "95" and "96."

## AS TO THE SECOND CAUSE OF ACTION

6. As to the allegations contained in paragraph of plaintiff's Complaint designated "97," defendant repeats, reiterates and re-alleges paragraphs "1" through "5" above as if fully set forth herein.

7. Denies the truth of each and every allegation contained in paragraphs of plaintiff's Complaint designated "98," "99," "100," "101," "102," "103" and "104."

## AS TO THE THIRD CAUSE OF ACTION

8. As to the allegations contained in paragraph designated "105" of plaintiff's Complaint, defendant repeats, reiterates and re-alleges paragraphs "1" through "7" above as if fully set forth herein.

9. The allegation contained in paragraph designated "106" of plaintiff's Complaint is

a statement of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs of plaintiff's Complaint designated "107," "108," "109," "110" and "111."

11. The allegations contained in paragraphs designated "112" and "113" of plaintiff's Complaint are statements of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Denies the truth of each and every allegation contained in paragraphs of plaintiff's Complaint designated "114" and "115."

## AS TO THE FOURTH CAUSE OF ACTION

13. As to the allegations contained in paragraph designated "116" of plaintiff's Complaint, defendant repeats, reiterates and re-alleges paragraphs "1" through "12" above as if fully set forth herein.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs of plaintiff's Complaint designated "117," "120," "122," "123," "124," "125" and "126."

15. Denies the truth of each and every allegation contained in paragraphs of plaintiff's Complaint designated "118," "119," "121" and "127."

## AS TO THE FIFTH CAUSE OF ACTION

16. As to the allegations contained in paragraph designated "128" of plaintiff's Complaint, defendant repeats, reiterates and re-alleges paragraphs "1" through "15" above as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs of plaintiff's Complaint designated "129," "130," "131," "132" and "133."

18. Denies the truth of each and every allegation contained in paragraph designated "134" of plaintiff's Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

19. As to the allegations contained in paragraph designated "135" of plaintiff's Complaint, defendant repeats, reiterates and re-alleges paragraphs "1" through "18" above as if fully set forth herein.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs of plaintiff's Complaint designated "136," "137," "138," "139," "140," "141" and "142."

21. Denies the truth of each and every allegation contained in paragraph of plaintiff's Complaint designated "143."

## AS TO THE SEVENTH CAUSE OF ACTION

22. As to the allegations contained in paragraph designated "144" of plaintiff's Complaint, defendant repeats, reiterates and re-alleges paragraphs "1" through "21" above as if fully set forth herein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs of plaintiff's Complaint designated "145," "146," "147," "148" and "149."

24. Denies the truth of each and every allegation contained in paragraph of plaintiff's Complaint designated "150."

25. Deny each and every allegation not previously admitted or qualified.

26. Deny that plaintiff is entitled to the relief requested in the paragraph beginning with the word "WHEREFORE," or to any relief whatsoever.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

27. That the plaintiff lacks personal jurisdiction over the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. That plaintiff's claim is barred as against the answering defendant by the applicable statute of limitations and other statutory prerequisites.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. That the arrest, detention and prosecution of the plaintiff were effectuated, if they were effectuated at all, in good faith, without malice and with good and legal justification, based on reasonable and probable cause.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. That upon information and belief, no item of injury or damage which the plaintiff claims to have sustained, was caused or in any way contributed to by any culpable conduct on the part of the answering defendant, but if any such injury or dam3age was sustained, it was caused solely by the culpable conduct or omissions of the plaintiff and/or some third party over

whom the answering defendant had no control.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. That the plaintiff's Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. That the answering defendant, at all times mentioned in the plaintiff's Complaint, acted reasonably, in good faith and without any malicious intentions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. That the answering defendant, County of Columbia, cannot be held liable for punitive damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. That the answering defendant, County of Columbia, may not be held liable on a theory of "Respondeat Superior."

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. That the portions of plaintiff's Complaint alleging supplemental state claims are barred as against the answering defendant due to plaintiff's failure to comply with the requirements of §§50-e, 50-h and 50-i of the New York State General Municipal Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. That upon information and belief, plaintiff's economic loss, if any, as specified in §4545 of the CPLR was replaced or indemnified in whole or in part from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages, as provided in §4545 of the CPLR.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

37.     In entering upon the activity upon which the plaintiff was engaged at the time of the happening of the incident set forth in the plaintiff's Complaint, plaintiff knew or should have known of the hazards thereof and the inherent risk to such activity, and had full knowledge of the methods to be used in the performance of such activity and danger thereof; whatever damages and/or injuries were sustained by the plaintiff as alleged in the Complaint herein arose from and were caused by such risks of the said activity and such risks were accepted and assumed by the plaintiff upon entering into and continuing in such activity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

38.     That upon information and belief, the prosecution of criminal charges against plaintiff, was not terminated, on the merits, in the plaintiff's favor.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

39.     That the plaintiff acted illegally and must be held responsible for her own conduct.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

40.     The equitable share of liability, if any, of the answering defendant shall be determined according to the provisions of Articles 14, 14-A and 16 of the CPLR.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

41.     That the plaintiff failed to mitigate her damages.

Dated: April 2, 2020

MURPHY BURNS LLP

By: _____
Thomas K. Murphy
Bar Roll No.: 505396
Attorneys for Defendant County of Columbia
407 Albany Shaker Road
Loudonville, NY 12211
Telephone: 518-690-0096
Email: tmurphy@murphyburnslaw.com

TO:   MANSFIELD, GAUTIER & ROSENTHAL, LLP
      Attorneys for Plaintiff Andrea J. Nussinow
      Attn.:  Lisa Rosenthal, Esq.
              Bar Roll No,: 700844
      55 Old Post Road North, P.O. Box 3
      Red Hook, New York 12571
      Email: rosenthal@mgrlawyer.com